THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION PUBLISHING, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:24-cv-43 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff files this complaint for patent infringement against defendant and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant On information and belief, Defendant Activision Publishing, Inc. ("Defendant") is a subsidiary of Activision Blizzard, Inc. Delaware corporation with its principal office at 3100 Ocean Park Blvd., Santa Monica, CA 90405. Activision may be served with process at this address and/or by the service of this Complaint on its registered agent, Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

3. Defendant and its parent appear now to be owned by Microsoft, which also has offices in Texas, including this Distirct.

4. On information and belief, Defendant has employees or contractors that it controls and directs for its dedicated Call of Duty servers located at or about 13760 Noel Road, Frisco, Texas, 75240.



Stone Tower in is the presumed home of Dallas' Call of Duty servers
© Joseph Swine

*Figure 1* – Excerpts from article titled "Follow the Ping" by Joseph Swine, as last visited on January 25, 2024, at https://www.redbull.com/gb-en/theredbulletin/frisco-gaming.

5. Upon information and belief, this Court has personal jurisdiction over Activision in this action because Activision has committed acts within the Eastern District of Texas giving

rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent claims.

6. Upon information and belief, Defendant has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## PATENT FAMILY

8. Display Technologies is the owner of U.S. Patent Numbers 9,300,723 (**Exhibit A**) and 8,671, 195 (**Exhibit C**).

9. The '723 Patent claims priority to a Continuation-in-Part of U.S. application Serial No. 11/999,570, filed on Dec. 7, 2007, which is incorporated by reference in its entirety to the '723 patent specification.

10. According to Google Patents, the '723 Patent has an anticipated expiration date of no earlier than January 8, 2029. *See* website page, as last visited on January 24, 2029, at https://patents.google.com/patent/US9300723B2/en?oq=9%2c300%2c723.

11. The examiner performed a thorough examination that included searching in eleven categories, including these:

    a. "**H04W4/80** Services using short range communication, e.g. near-field communication [NFC], radio-frequency identification [RFID] or low energy communication."

    b. "**H04W12/086** Access security using security domains"

    c. "**H04W12/08** Access security,"

  d. "**H04M1/72412** User interfaces specially adapted for cordless or mobile telephones with means for local support of applications that increase the functionality by interfacing with external accessories using two-way short-range wireless interfaces,"

  e. "**H04M1/724098** Interfacing with an on-board device of a vehicle,"

  f. "**H04L67/06** Protocols specially adapted for file transfer, e.g. file transfer protocol [FTP],"

  g. "**H04L65/75** Media network packet handling,"

  h. "**H04L63/20** Network architectures or network communication protocols for network security for managing network security; network security policies in general,"

  i. "**H04L63/10** Network architectures or network communication protocols for network security for controlling access to devices or network resources,"

  j. "**H04L63/0209** Architectural arrangements, e.g. perimeter networks or demilitarized zones,"

  k. "**H04B1/3822** Transceivers, i.e. devices in which transmitter and receiver form a structural unit and in which at least one part is used for functions of transmitting and receiving specially adapted for use in vehicles."

12.  The '723 Patent is cited by large electronic suppliers, including Sony Mobile Communications, Inc. in its publication [US20160337303A1](US20160337303A1), titled "Method and system for approving or disapproving connection requests."

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

13.  Plaintiff incorporates above paragraphs herein by reference.

14.  The '723 Patent does not expire under January 8, 2029.

15. This cause of action arises under the patent laws of the United States, Title 35 U.S.C. §§ 271, *et seq*.

16. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

17. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as **Exhibit A**.

18. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

19. Defendant has infringed and continues to infringe **Claims 22, 24, 29 and 30 of the '723 Patent** by making, using, and/or selling its Accused Instrumentality. *See* **Exhibit B.**

20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,671,195)

23. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

24. Defendant has infringed and continues to infringe, **claims 1, 7, 9, 17 and 19 of the '195 Patent** in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe these claims by making, using, importing, selling, and/or

5

offering for sale (as identified in the Claim Chart attached hereto as **Exhibit D**) the Accused Instrumentalities.

25. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, these asserted claims of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

26. The service of this Complaint, in conjunction with the attached Claim Chart and references cited, constitutes actual knowledge of infringement as alleged here.

27. .

28. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

29. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

30. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

31. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

32. As a result of Defendant's infringement of the '195 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

33. Plaintiff is in compliance with 35 U.S.C. § 287.

34. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

35. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief, and via this lawsuit.

## DEMAND FOR JURY TRIAL

36. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284; et al.

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  January 24, 2024                    Respectfully Submitted,

*/s/ Randall T. Garteiser*
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
   rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**